Peter D. DeChiara
COHEN, WEISS AND SIMON LLP
909 Third Avenue, 12th Floor
New York, New York 10022-4731
Tel: (212) 356-0216
pdechiara@cwsny.com

Attorneys for Petitioner Directors Guild of America, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
DIRECTORS GUILD OF AMERICA, INC.,             :
                                              :
                              *Petitioner,*   :
                                              :      Case No.
        - v. -                                :
                                              :
CBS BROADCASTING, INC.,                       :
                                              :
                              *Respondent.*   :
                                              :
---------------------------------------------------------------- x

### **PETITION TO CONFIRM ARBITRATION AWARDS**

Petitioner Directors Guild of America, Inc. ("DGA") alleges as follows:

### **Introduction**

1.      This is an action to confirm two labor arbitration awards, an original award and a supplemental one. The original award found that the Respondent, CBS Broadcasting, Inc. ("CBS"), violated its collective bargaining agreements with the DGA by applying certain terms and conditions of employment to DGA-represented employees. The supplemental award ordered CBS to cease and desist from applying the terms and to restore the *status quo ante*. The DGA seeks a judgment confirming the awards and ordering CBS to comply with them.

10133109.2

**Jurisdiction and Venue**

2. The Court has jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a), as this is a suit concerning violation of contracts between an employer and a labor organization.

3. Venue lies in this District under 28 U.S.C. §185(c), as the DGA has duly authorized agents engaged in representing employee members in the District. Venue also lies under 28 U.S.C. §1391(b)(1), as CBS "resides" in this District within the meaning of 28 U.S.C. §1391(c)(2), and under 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this District.

**The Parties**

4. The DGA is a labor organization representing employees in industries affecting commerce. Its members work in film, television and other media as Directors, Associate Directors and other members of the directorial team. The DGA maintains an office in New York City.

5. CBS is an employer that operates certain television stations, including WCBS in New York, WBBM in Chicago, and KCBS/KCAL in Los Angeles (those three stations referred to here as "the Stations"). CBS maintains facilities in New York City.

**The Collective Bargaining Agreements**

6. At all relevant times, the DGA has served as the collective bargaining representative of the Directors employed by CBS at the Stations. At the Stations, the Directors work in what are sometimes referred to by CBS as single-operator control rooms.

7. At all relevant times, the DGA and CBS have been parties to a series of collective bargaining agreements ("CBAs") governing terms and conditions of employment of the Directors employed at the Stations. The CBAs consist of the 2014-2017 CBS-DGA National

Agreement ("National Agreement"); the 2014-2017 TV Local Staff Directors Agreements for New York, Los Angeles and Chicago; and three successive memoranda of agreement supplementing those 2014-2017 contracts, for the periods 2017-2020, 2020-2023, and 2023-2026.

8. Article VII of the National Agreement contains a grievance-arbitration procedure for the resolution of disputes between the parties, a copy of which is attached hereto as Exhibit A. It allows for the submission to arbitration of "[a]ny complaint, controversy, dispute or grievance between the parties hereto with respect to the terms of this Agreement or its interpretation or any breach thereof." *See* Exhibit A at 11. Article VII, Section 3 provides, in relevant part, that "[t]he arbitrator shall have jurisdiction and authority to interpret, apply and/or determine the meaning of any provision of this Agreement …." *Id.* at 13. It further provides that "[t]he award of the arbitrator … shall be final and binding upon the parties, and judgment thereon may be entered in any court of competent jurisdiction in the state where the arbitration is held." *Id.*

## The Arbitration Awards

9. On January 4, 2023, CBS issued a document entitled "Single Operator Control Rooms Hyphenate Guidelines for Full Time Staff WCBS-TV/KCBS/KCAL-TV/WBBM-TV" (hereafter, "*Hyphenate Guidelines*"). The *Hyphenate Guidelines* announced certain new terms and conditions of employment that CBS intended to apply to Directors at the Stations.

10. On January 9, 2023, the DGA submitted a grievance to CBS claiming that CBS's issuance of the *Hyphenate Guidelines* violated the CBAs. A copy of the DGA's grievance is attached hereto as Exhibit B.

3

11. After the parties failed to resolve the grievance, the DGA, in an arbitration claim dated January 27, 2023, demanded arbitration of the grievance. A copy of the DGA's arbitration claim is attached hereto as Exhibit C.

12. The DGA and CBS agreed to the appointment of Howard C. Edelman, a well-respected and experienced labor arbitrator, as the arbitrator for the arbitration ("Arbitrator").

13. The Arbitrator held hearings, by videoconference, on July 17, 2023, July 19, 2023, November 21, 2023, and March 5, 2024.

14. In the arbitration proceedings, both the DGA and CBS were represented by counsel and were afforded full opportunity to present, examine and cross-examine witnesses and to make arguments. Both parties presented witnesses and other evidence and submitted post-hearing briefs to the Arbitrator.

15. On June 12, 2024, the Arbitrator issued an award ("Initial Award"), a copy of which is attached hereto as Exhibit D. The Initial Award provided, in relevant part, that CBS "violated the Collective Bargaining Agreement by applying to these Directors the terms and conditions of employment contained in the January 4, 2023 memo [*i.e.*, the *Hyphenate Guidelines*]." Exhibit D at 35. The Initial Award gave the DGA sixty days to seek a cease-and-desist order from the Arbitrator. *See id*.

16. On July 3, 2024, the DGA submitted a letter to the Arbitrator asking for a cease-and-desist order. On July 12, 2024, CBS submitted a response to the DGA's request.

17. On July 30, 2024, the Arbitrator issued a supplement award ("Supplemental Award"), a copy of which is attached hereto as Exhibit E. The Supplemental Award provided that:

4

> CBS shall cease and desist from modifying the terms and conditions of employment for Single Operator Control Rooms in effect prior to January 22, 2023. Within sixty days of its receipt of this Supplemental Award, it shall restore the <u>status quo ante</u> of the affected Directors' terms and conditions of employment.

Exhibit E, at 8 (underscoring in original).

18. Since the issuance of the Supplemental Award, the DGA has agreed to extend CBS's time to comply with the Supplemental Award. The last, and final extension, expires on February 28, 2025.

19. CBS's violation of the CBAs, as found by the Arbitrator, constituted a "violation of contracts between an employer and a labor organization" within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

20. The Initial Award and Supplemental Award (together, "the Awards") are "final and binding" within the meaning of Article VII of the National Agreement.

21. Neither of the Awards has been vacated or modified.

22. The 90-day statute of limitations has passed for CBS to seek to vacate or otherwise challenge the validity of the Awards.

### Request for Relief

23. The DGA seeks a judgment confirming the Awards, pursuant to LMRA Section 301(a) and Article VII of the National Agreement.

WHEREFORE, the DGA respectfully requests that the Court issue a judgment:

(a) confirming the Awards;

(b) directing CBS to comply with the Awards; and

(c) providing such other and further relief as the Court may deem just and proper.

Dated: January 30, 2025

                                        /s/ *Peter DeChiara*

                                        Peter D. DeChiara
COHEN, WEISS and SIMON LLP
909 Third Avenue, 12th Floor
New York, New York 10022-4731
(212) 356-0216
pdechiara@cwsny.com

Attorneys for Petitioner Directors Guild of America, Inc.