UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIRECTORS GUILD OF AMERICA, INC.,<br><br>       Petitioner,<br><br>     -v.-<br><br>CBS BROADCASTING, INC.,<br><br>       Respondent. | 25 Civ. 0885 (JHR)<br><br>MEMORANDUM OPINION & ORDER |

JENNIFER H. REARDEN, District Judge:

  Petitioner Directors Guild of America, Inc. ("DGA") filed this petition to confirm two arbitral awards pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"). ECF No. 4 (Pet.). Respondent CBS Broadcasting, Inc. ("CBS") answered. ECF No. 13 (Answer) at 5. Having admitted all material allegations and acknowledged that the awards "must be confirmed," ECF No. 14 (CBS Br.) at 7, CBS asks that the Court confirm the awards in their "entirety," *id.* at 2; *see id.* at 6 ("Summary confirmation of the [awards] is undoubtedly appropriate here so long as the confirmation is not selective in its application."). For the reasons set forth below, the Court hereby confirms the arbitral awards in their entirety.

## I. BACKGROUND[1]

### A. The Collective Bargaining Agreement

  The underlying claim demanded arbitration of a grievance submitted by DGA to CBS. DGA was, at all relevant times, the collective bargaining representative of the Directors

---

[1] The underlying facts are drawn from DGA's petition, CBS's answer, and DGA's reply, ECF No. 16. *See Directors Guild of Am., Inc. v. Nat'l Broadcasting Co., Inc.*, No. 22 Civ. 1770 (PAE), 2022 WL 2129052, at *1 n.1 (S.D.N.Y. June 14, 2022). No material facts are disputed. *See generally* Answer.

employed by CBS at the Stations.² Pet. ¶ 6. DGA and CBS are parties to a series of collective bargaining agreements: the 2014-2017 CBS-DGA National Agreement (the "National Agreement") and the 2014-2017 TV Local Staff Directors Agreements for New York, Los Angeles and Chicago (the "Local Staff Directors Agreement") (together with the National Agreement, the "CBA," or "Collective Bargaining Agreement"). *Id.* ¶ 7.³ Article VII of the National Agreement mandated that "[a]ny complaint, controversy, dispute or grievance between [CBS and DGA] with respect to this Agreement or its interpretation or any breach thereof" be submitted to arbitration. *Id.* ¶ 8, *see also* Pet. Ex. A at 11. The National Agreement further provided that any arbitral award would "be final and binding upon the parties, and judgment thereon [ ] entered in any court of competent jurisdiction in the state where the arbitration [wa]s held." Pet ¶ 8; *see also* Pet. Ex. A at 11.

### B. The Underlying Dispute, Arbitration, and Award

On January 4, 2023, CBS issued the "Single Operator Control Rooms Hyphenate Guidelines for Full Time Staff WCBS-TV/KCBS/KCALTV/WBBM-TV" (the "Hyphenate Guidelines"). Pet. ¶ 9. On January 9, 2023, DGA submitted a grievance to CBS, claiming that CBS's issuance of the Hyphenate Guidelines violated the CBAs. *Id.* ¶ 10; Pet. Ex. B. On January 27, 2023, after the parties failed to resolve the grievance, DGA demanded arbitration. Pet. ¶ 11. Howard C. Edelman (the "Arbitrator") held arbitral hearings by videoconference on July 17, 2023; July 19, 2023; November 21, 2023; and March 5, 2024. *Id.* ¶¶ 12-13.

---

² The Stations are WCBS in New York, WBBM in Chicago, and KCBS/KCAL in Los Angeles. Pet ¶ 5.

³ These agreements covered the period 2014 to 2017, but their terms were "supplement[ed]" by "three successive memoranda of agreement . . . for the periods 2017-2020, 2020-2023, and 2023-2026." Pet. ¶ 7. For simplicity, the Court will refer to a single National Agreement and a single Local Staff Directors Agreement.

On June 12, 2024, the Arbitrator issued an award (the "Initial Award") sustaining DGA's grievance in part. *Id.* ¶ 15; *see also* Pet. Ex. D (Initial Award). Specifically, the Arbitrator determined that (1) "[CBS] did not violate the Collective Bargaining Agreement by declaring Directors employed at [the Stations] as hyphenates," and (2) "[CBS] violated the Collective Bargaining Agreement by applying to these Directors the terms and conditions of employment contained in the [Hyphenate Guidelines]." Initial Award at 36. The Initial Award permitted DGA "to seek from [the Arbitrator] the additional remedy of a cease-and-desist order within sixty days of its receipt of [the] [Initial] Award." *Id.* DGA requested a cease-and-desist order on July 3, 2024, and CBS responded on July 12, 2025. Pet. ¶ 16. On July 30, 2024, the Arbitrator issued a supplemental award, which provided that "CBS shall cease and desist from modifying the terms and conditions of employment for Single Operator Control Rooms . . . [and] restore the *status quo ante* of the affected Directors' terms and conditions of employment." Pet. ¶ 17; *see also* Pet. Ex. E ("Supplemental Award," and, together with the Initial Award, the "Awards") at 8.

The parties agreed to extend CBS's time to comply with the Supplemental Award through February 28, 2025. Pet. ¶ 23. The Awards have not been vacated or modified. *Id.* ¶ 21.

C. **Procedural History**

On January 30, 2025, DGA filed the instant petition. ECF No. 4 (corrected filing dated January 31, 2025). On February 3, 2025, the Court set a briefing schedule. ECF No. 8. DGA filed a memorandum of law in support of the petition on February 7, 2025. ECF No. 9. CBS filed an answer and a memorandum of law in support thereof on February 27, 2025. ECF Nos. 13-14. DGA replied on March 5, 2025. ECF No. 16.

## II. DISCUSSION

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing"; they "must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)). The Federal Arbitration Act provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citation omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high[.]" *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels*

*Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Matter of Andros Compania Maritima, S.A. (Marc Rich & Co.*, A.G.), 579 F.2d 691, 704 (2d Cir. 1978)).

"A motion to confirm an arbitral award against a party that has failed to oppose the motion is evaluated under the legal standards applicable to a motion for summary judgment." *Directors Guild of Am., Inc.*, 2022 WL 2129052, at *2 (citing *D.H. Blair,* 462 F.3d at 109-10). "To prevail on such a motion, the movant must 'show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "In making this determination, the court must view all facts 'in the light most favorable' to the non-moving party." *Id.* (quoting *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (citations omitted)). "The court is 'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Id.* (quoting *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitration award:

> a court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order

5

to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Road Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

### B. Confirmation of the Arbitral Award

On the basis of the Awards and the "severely limited" review that is appropriate, *Salzman*, 2011 WL 6778499, at *2, as well as CBS not having raised a genuine dispute as to any material fact and, indeed, having acknowledged that the Awards "must be confirmed," CBS Br. at 7, summary judgment is warranted. *See also* Answer at 5 (further admitting that the Awards are "valid, final, and binding."). Acting within the scope of the authority granted by the parties, the Arbitrator concluded that (1) "[CBS] did not violate the Collective Bargaining Agreement by declaring Directors employed at [the Stations] as hyphenates," Initial Award at 35, and that (2) "[CBS] violated the Collective Bargaining Agreement when it imposed the terms and conditions of employment upon affected employees, as set forth in the January 4, 2023 [Hyphenate Guidelines]." *Id.* The arbitrator further ordered that "CBS shall cease and desist from modifying the terms and conditions of employment for Single Operator Control Rooms in effect prior to January 22, 2023. . . [and] restore the status quo ante of the affected Directors' terms and conditions of employment." Supplemental Award at 8 (emphasis in original). Based on the text of the Awards and CBS's concessions, "there is . . . by all indications, more than a colorable" justification for the outcome reached. *Directors Guild of Am., Inc.*, 2022 WL 2129052, at *2 (citing *Landy Michaels Realty Corp.*, 954 F.2d at 797). Accordingly, the Court confirms the Awards in their entirety.

### III. CONCLUSION

For the reasons stated above, the Court confirms the Awards in their entirety. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: November 6, 2025
New York, New York

                                           JENNIFER H. REARDEN
                                           United States District Judge